SHORTESS, Judge.
Freddie Pitre, the Sheriff of Iberville Parish, and Edward N. Engolio, Jr., the Assistant Chief of Detectives for the Iber-ville Parish Sheriffs Office (IPSO), appeal a judgment against them in favor of Henry Bunch in the sum of $40,000.00 for false imprisonment. This judgment is based on the following facts.
Bunch allegedly sold a marijuana cigarette to an undercover narcotics officer on September 14, 1988. He was arrested and charged with distribution of marijuana on July 26, 1989, by sheriffs detectives Brett Stassi and Howard “Happy” Marionneaux. The arrest warrant was signed by Engolio.
At the time of his arrest, Bunch was on probation for previous convictions of possession of marijuana with intent to distribute and attempted theft. When Bunch was taken before the court for his initial appearance on July 28, 1989, his probation officer, Kenneth McMillan, happened to be in the courtroom. That same day McMillan delivered a letter to Sheriff Pitre which stated in its entirety: “Would you please accept this letter as your authority to hold Henry Bunch who was placed in Iberville Parish Jail by IPSO on 7-26-89. Please show this subject as being detained for this Department as a Probation Violator.”
McMillan apparently failed to notify the proper court of the probation detention or submit a written report of the probation violation as required by Louisiana Code of Criminal Procedure article 899(B). Thus, no prerevocation hearing was scheduled as required under article 899(E).
A few weeks later, Bruce Hoffman replaced McMillan as Bunch’s probation officer. Hoffman left the Division of Probation and Parole shortly thereafter, and no new officer was assigned to Bunch.
While Bunch was incarcerated, the IPSO sent the marijuana cigarette he allegedly sold to be analyzed by the state police crime lab. Assistant District Attorney Edward A. Songy, Jr. received a report from the crime lab dated October 3,1989, stating the sample was insufficient for complete laboratory analysis. Songy then wrote a letter to Engolio which stated: “In view of this result, the State will not file a bill of information in this case. If you have any questions or need any additional information regarding this case, please do not hesitate to call me.” Songy testified he and Engolio later discussed the possibility of filing charges against Bunch for distribution of counterfeit marijuana. Songy stated that when he wrote the letter and talked to Engolio, he was unaware of the probation detention. He thus took no steps to have the probation detention judicially released.
Gloria Horton-Whiten, West Baton Rouge District Probation and Parole Supervisor, testified there is no indication in her files that Bunch’s case was followed by her office between July and November of 1989. On November 3,1989, Horton-Whiten went *1064 to the IPSO and copied the sheriffs files on several of the probationers assigned to Hoffman, including Bunch. She did not look at these files until December 20, 1989. When she finally reviewed Bunch’s file on that date and read Songy’s letter, she took steps to have the probation detention immediately released. The parish jail release slip indicates Bunch received a judicial release on December 20, 1989. Horton-Whiten was notified on that date by IPSO that Bunch had been released. She sent a follow-up letter to Pitre dated December 21, 1989, authorizing Bunch's release.
Bunch sued Pitre, Engolio, Stassi, and Marionneaux seeking damages for “illegal arrest and incarceration.” Without either oral or written reasons, the trial court dismissed Bunch’s claims against Stassi and Marionneaux and entered judgment in the sum of $40,000.00 against Pitre in his capacity as sheriff and against Engolio individually. Upon Engolio’s motion for a new trial, the trial court ordered that the judgment against Engolio be set aside and annulled and that a modified judgment reflecting the order be signed. An amended judgment was then signed which did not mention Engolio; it neither cast him in judgment nor dismissed the suit against him. Both Engolio and Pitre have appealed.
Bunch alleged three bases of liability in his petition: (1) that there was no probable cause for his initial arrest; (2) that the evidence (the marijuana cigarette) should have been analyzed before Bunch’s arrest; and (3) that Bunch should have been released from custody when the district attorney decided not to prosecute. During the trial, Bunch’s counsel admitted he was not seriously contending lack of probable cause, and the trial court expressly found there was probable cause. Engolio testified the marijuana cigarette was not sent to the state police crime lab for analysis before Bunch’s arrest because his case was one of many in a massive undercover narcotics operation, and he did not want to risk disclosure of the operation before it was complete. Engolio stated the delay was also necessary to maintain secrecy because some of the suspected narcotics offenders were family members of employees of the IPSO. Bunch introduced no evidence to controvert Engolio’s testimony.
Bunch’s allegation that Pitre negligently failed to release him when he was notified the district attorney did not intend to file a bill of information is in the nature of a claim of false imprisonment. False imprisonment occurs when one restrains another against his will without color of legal authority. If a law enforcement official acts pursuant to statutory authority in incarcerating a citizen, he is not liable for damages for false imprisonment. Gerard v. Parish of Jefferson, 424 So.2d 440, 443 (La.App. 5th Cir.1982), writs denied, 430 So.2d 75, 78 (La.1983), cert. denied sub nom. Brister v. Parish of Jefferson, Louisiana, 464 U.S. 822, 104 S.Ct. 88, 78 L.Ed.2d 96 (1983). Louisiana Code of Criminal Procedure article 899(B) provides in pertinent part: “The written authorization or subsequent confirmation delivered with the defendant to the official in charge of a parish jail or other place of detention shall be sufficient authority for the detention of the defendant.” Pitre was acting pursuant to statutory authority when he incarcerated Bunch; McMillan hand delivered written authorization to Pitre to detain Bunch as a probation violator. Pitre thus did not falsely imprison Bunch, and we can find no other legal basis for the trial court’s decision in favor of Bunch.
Based on the trial court’s legal error, we must reverse and render judgment in favor of Freddie Pitre and Edward N. Engolio, Jr., dismissing Henry Bunch’s suit against them with prejudice. Bunch is cast for all costs of trial and appeal.
REVERSED AND RENDERED.